# EXHIBIT A



# IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>KRISTINE A KERR | Case Number: 20SL-CC01158 |
| Plaintiff/Petitioner:<br>AMY JENNINGS<br><div align="right">vs.</div> | Plaintiff's/Petitioner's Attorney/Address<br>ROSS ANDREW DAVIS<br>9322 MANCHESTER RD<br>ST LOUIS, MO 63119 |
| Defendant/Respondent:<br>UNITED PARCEL SERVICE, INC. | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO 63105 |
| Nature of Suit:<br>CC Employmnt Discrmntn 213.111 | (Date File Stamp) |

## Summons in Civil Case

The State of Missouri to: **UNITED PARCEL SERVICE, INC.**
**Alias:**

**13818 RIDER TRAIL N.**
**EARTH CITY, MO 63045**



*COURT SEAL OF*

*ST. LOUIS COUNTY*

   You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.
   **SPECIAL NEEDS:** If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739, email at SLCADA@courts.mo.gov, or through Relay Missouri by dialing 711 or 800-735-2966, at least three business days in advance of the court proceeding.

  <u>17-JUL-2020</u>
  **Date**

  **Further Information:**
  **WAW**

<div align="right">Clerk</div>

### Sheriff's or Server's Return

**Note to serving officer:** Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years who permanently resides with the Defendant/Respondent.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to

_____ (name) _____ (title).

☐ other _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____   _____
Printed Name of Sheriff or Server     Signature of Sheriff or Server

   **Must be sworn before a notary public if not served by an authorized officer:**

*(Seal)*  Subscribed and sworn to before me on _____ (date).

  My commission expires: _____  _____
           Date         Notary Public

| Sheriff's Fees, if applicable | | |
|---|---|---|
| Summons | $ _____ | |
| Non Est | $ _____ | |
| Sheriff's Deputy Salary | | |
| Supplemental Surcharge | $ 10.00 | |
| Mileage | $ _____ | ( _____ miles @ $ _____ per mile) |
| Total | $ _____ | |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

**THE CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI**

Twenty First Judicial Circuit

## NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES

### Purpose of Notice

As a party to a lawsuit in this court, you have the right to have a judge or jury decide your case. However, most lawsuits are settled by the parties before a trial takes place. This is often true even when the parties initially believe that settlement is not possible. A settlement reduces the expense and inconvenience of litigation. It also eliminates any uncertainty about the results of a trial.

Alternative dispute resolution services and procedures are available that may help the parties settle their lawsuit faster and at less cost. Often such services are most effective in reducing costs if used early in the course of a lawsuit. Your attorney can aid you in deciding whether and when such services would be helpful in your case.

### Your Rights and Obligations in Court Are Not Affected By This Notice

You may decide to use an alternative dispute resolution procedure if the other parties to your case agree to do so. In some circumstances, a judge of this court may refer your case to an alternative dispute resolution procedure described below. These procedures are not a substitute for the services of a lawyer and consultation with a lawyer is recommended. Because you are a party to a lawsuit, you have obligations and deadlines which must be followed whether you use an alternative dispute resolution procedure or not. **IF YOU HAVE BEEN SERVED WITH A PETITION, YOU MUST FILE A RESPONSE ON TIME TO AVOID THE RISK OF DEFAULT JUDGMENT, WHETHER OR NOT YOU CHOOSE TO PURSUE AN ALTERNATIVE DISPUTE RESOLUTION PROCEDURE.**

### Alternative Dispute Resolution Procedures

There are several procedures designed to help parties settle lawsuits. Most of these procedures involve the services of a neutral third party, often referred to as the "neutral," who is trained in dispute resolution and is not partial to any party. The services are provided by individuals and organizations who may charge a fee for this help. Some of the recognized alternative dispute resolutions procedures are:

**(1) Advisory Arbitration:** A procedure in which a neutral person or persons (typically one person or a panel of three persons) hears both sides and decides the case. The arbitrator's decision is not binding and simply serves to guide the parties in trying to settle their lawsuit. An arbitration is typically less formal than a trial, is usually shorter, and may be conducted in a private setting at a time mutually agreeable to the parties. The parties, by agreement, may select the arbitrator(s) and determine the rules under which the arbitration will be conducted.

**(2) Mediation:** A process in which a neutral third party facilitates communication between the parties to promote settlement. An effective mediator may offer solutions that have not been considered by the parties or their lawyers. A mediator may not impose his or her own judgment on the issues for that of the parties.

CCADM73

**(3) Early Neutral Evaluation ("ENE"):** A process designed to bring the parties to the litigation and their counsel together in the early pretrial period to present case summaries before and receive a non-binding assessment from an experienced neutral evaluator.  The objective is to promote early and meaningful communication concerning disputes, enabling parties to plan their cases effectively and assess realistically the relative strengths and weaknesses of their positions.  While this confidential environment provides an opportunity to negotiate a resolution, immediate settlement is not the primary purpose of this process.

**(4) Mini-Trial:** A process in which each party and their counsel present their case before a selected representative for each party and a neutral third party, to define the issues and develop a basis for realistic settlement negotiations.  The neutral third party may issue an advisory opinion regarding the merits of the case.  The advisory opinion is not binding.

**(5) Summary Jury Trial:** A summary jury trial is a non binding, informal settlement process in which jurors hear abbreviated case presentations.  A judge or neutral presides over the hearing, but there are no witnesses and the rules of evidence are relaxed.  After the "trial", the jurors retire to deliberate and then deliver an advisory verdict.  The verdict then becomes the starting point for settlement negotiations among the parties.

## Selecting an Alternative Dispute Resolution Procedure and a Neutral

If the parties agree to use an alternative dispute resolution procedure, they must decide what type of procedure to use and the identity of the neutral.  As a public service, the St. Louis County Circuit Clerk maintains a list of persons who are available to serve as neutrals.  The list contains the names of individuals who have met qualifications established by the Missouri Supreme Court and have asked to be on the list.  The Circuit Clerk also has Neutral Qualifications Forms on file.  These forms have been submitted by the neutrals on the list and provide information on their background and expertise.  They also indicate the types of alternative dispute resolution services each neutral provides.

A copy of the list may be obtained by request in person and in writing to: Circuit Clerk, Office of Dispute Resolution Services, 105 South Central Ave., 5th Floor, Clayton, Missouri 63105.  The Neutral Qualifications Forms will also be made available for inspection upon request to the Circuit Clerk.

The List and Neutral Qualification Forms are provided only as a convenience to the parties in selecting a neutral.  The court cannot advise you on legal matters and can only provide you with the List and Forms. You should ask your lawyer for further information.

CCADM73

## IN THE CIRCUIT COURT OF SAINT LOUIS COUNTY
## STATE OF MISSOURI

AMY JENNINGS,                        )
                                     )
    Plaintiff,               )
                                     )      Cause No.:
v.                                   )
                                     )      Division:
UNITED PARCEL SERVICE, INC.,         )
                                     )      JURY TRIAL DEMANDED
    Serve at: 13818 Rider Trial N.   )      ON ALL COUNTS
       Earth City, MO 63045   )
                                     )
    Defendant.               )

## PETITION

Plaintiff Amy Jennings, by and through her undersigned attorneys, and for her Petition against Defendant United Parcel Service, states as follows:

## INTRODUCTION

1.      Plaintiff Amy Jennings while in her employment with Defendant United Parcel Service, Inc. ("UPS"), was subjected to unlawful actions of discrimination on account of her age, race and sex in violation of the Missouri Human Rights Act ("MHRA"), Section 213.055, *et seq.* and retaliated against reported age discrimination in violation of Missouri Human Rights Act., Mo. Rev. Stat. § 213.070, *et seq.*

2.      As a result of all of the Defendant's actions, Plaintiff Jennings has suffered significant injuries and seeks any and all compensatory, punitive and other damages available to her under law against Defendant

## PARTIES

3.      Plaintiff Amy Jennings is and was, at all relevant times herein, a resident of Saint Louis County, State of Missouri.

-1-

4.      Defendant UPS is and was, at all times relevant herein, a for-profit corporation, organized in the State of Ohio and authorized to do business within the State of Missouri.

## JURISDICTION AND VENUE

5.      Jurisdiction and venue are proper to this Court for purposes of Plaintiff Jennings' MHRA claims pursuant to Mo. Rev. Stat. §213.111, *et seq*., which provides, in relevant part, that "an action may be brought in any circuit court in any county in which the unlawful discriminatory practice is alleged to have occurred." In this present action, Plaintiff Jennings alleges that the unlawful discriminatory actions forming the basis of this Petition occurred at Defendant UPS's place of business located within Saint Louis County, State of Missouri.

## CONDITIONS PRECEDENT

6.      Pursuant to the requirements of MHRA, Mo. Rev. Stat. § 213.111, *et seq*., Plaintiff Jennings filed a timely Charge of Discrimination with the Missouri Commission on Human Rights ("MCHR") on March 7, 2019, a copy of which is attached hereto as Exhibit 1. The MCHR issued notice of the Right to Sue on November 18, 2019, a copy of which is attached hereto as Exhibit 2. Pursuant to the requirements of the MHRA, Mo. Rev. Stat. § 213.111, *et seq*., this Petition is timely in that it was filed within ninety (90) days of the issuance of the Right to Sue and within two (2) years of the discriminatory actions which form the basis of Plaintiff Jennings' claims. Therefore, Plaintiff Jennings has met all conditions precedent to the filing of her Petition.

## FACTUAL ALLEGATIONS

7.      Plaintiff Jennings incorporates the paragraphs above by reference as if fully set forth herein.

8.      Plaintiff Jennings is 58-year-old Caucasian woman.

-2-

9.      Plaintiff Jennings began her employment with Defendant UPS in November 2008.

10.     In April of 2018, Defendant UPS implemented a company-wide voluntary retirement buyout program ("VRP").

11.     The criteria for the VRP was that the employees: (a) be 55 years of age or older, and (b) have been employed by Defendant UPS for more than 10 years as of December 31, 2018.

12.     Plaintiff Jennings elected not to take the VRP since she intended to continue working for at least nine more years.

13.     On or about May 17, 2018, Plaintiff Jennings called her manager, Joe Henthron, and informed him that she was not accepting the VRP.

14.     Up until Plaintiff Jennings' rejection of the VRP, she had an exemplary employment record with Defendant UPS and consistently received positive performance evaluations.

15.     On or about May 18, 2018, the day after Plaintiff Jennings elected not to take the VRP, Plaintiff Jennings overheard a conversation between her supervisors Mark Halbert and Joe Hernthorn, in which they were discussing Plaintiff Jennings' removal despite being a production leader in her group.

16.     On or about June 15, 2018, all responses to the VRP were due. That same day, Plaintiff Jennings received a phone call from one of her Senior Managers asking if she took the buyout. Plaintiff Jennings replied that she did not.

17.     Upon information and belief, Defendant UPS was not satisfied with the number of employees who retired pursuant to the VRP.

18.     Defendant UPS began to make systematic attempts to weed-out its older workforce.

19.    On or about July 16, 2018, Plaintiff Jennings was directed to meet with the Human Resources Manager, Donna Harvey and Security Staffer, Patricia Smith.  The meeting was scheduled for July 18, 2018.  This was the first time Plaintiff Jennings had ever been called into the Human Resources Department.

20.    At the meeting on July 18, 2018, Plaintiff Jennings was asked how long she intended on staying in the sales department.  When Plaintiff Jennings indicated that she had no intention of leaving, Patricia Smith asked "Do you think you are untouchable?"  Donna Harvey and Patricia Smith also inquired into the status of Plaintiff Jennings' marriage.

21.    The July 18, 2018 meeting turned into an interrogation of how Plaintiff Jennings entered her expenses for her company-issued American Express card.

22.    Plaintiff Jennings was questioned about the nature of years-worth of purchases made on her American Express card.

23.    At no time, prior to her rejection of the VRP, were Plaintiff Jennings' expenses ever questioned.

24.    At the end of the July 18, 2018 meeting, Plaintiff Jennings was told by Donna Harvey and Patricia Smith not to speak with anyone else in the company about the meeting.

25.    On August 3, 2018, Plaintiff Jennings had another meeting with Donna Harvey, Patricia Smith and the District Controller, Stan Roux.  This meeting lasted approximately 5 hours and once again consisted of Plaintiff Jennings' being interrogated about past expenses on her company American Express card.

26.    Plaintiff Jennings' American Express expenses did not deviate from the department's custom and practice for company credit card use, and all of the purchases had been previously approved by the Defendant's finance department.

27.     During the August 3, 2018 meeting, Stan Roux made the comment, "If a certain individual would like the discuss the possibility of another opportunity or offer..." Plaintiff Jennings understood this to be a reference to the VRP. Plaintiff responded that she was still not going to take the VRP.

28.     Plaintiff Jennings' was later informed by Patricia Smith that the August 3, 2018 meeting had made Stan Roux, "very angry," and that Plaintiff Jennings would have to appear back at the Human Resource Department for another follow-up.

29.     Defendant UPS's probing into Plaintiff Jennings' previously approved expenditures was a pretextual excuse to cover up Defendant UPS's discriminatory motives and represented a deliberate attempt to force Plaintiff Jennings to leave.

30.     Plaintiff Jennings complained to coworkers and management about Defendant UPS's discriminatory behavior.

31.     As such, Plaintiff Jennings called a Senior Manager to describe the situation of her harassment and to seek guidance. At that time, Plaintiff Jennings was informed that any UPS Area Sales Manager who had a candidate that did not take the VRP was placed on a list.

32.     This Senior Manager stated that Plaintiff Jennings had become a target for termination since she did not take the VRP.

33.     When asked why two other employees who rejected the VRP were not being targeted and harassed, the Senior Manager stated, "Because they are minorities."

34.     On or about August 14, 2018, Plaintiff Jennings was again contacted by Donna Harvey and told that she would be required to meet with Human Resources to once-again review her American Express charges. Donna Harvey also informed Plaintiff Jennings that Stan Roux was "running out of patience."

35.     On August 16, 2018, Plaintiff Jennings' again went through her previously approved American Express expenses with Human Resources for approximately 3 hours.

36.     Plaintiff Jennings was terminated from her employment with Defendant UPS on September 11, 2018.

37.     Defendant UPS informed Plaintiff Jennings that she was being terminated because (1) her position was being eliminated; and (2) there were issues with the charge codes on her company American Express card.

38.     Plaintiff Jennings was then pressured to sign a UPS Employee Dispute Resolution Agreement, which she ultimately refused.

39.     Prior to her termination, Plaintiff Jennings was never informed that her position was being eliminated.

40.     The reasons given for Plaintiff Jennings' termination were pretextual and designed to mask discriminatory motives.

## **LEGAL CLAIMS**

### **COUNT I – Unlawful Employment Discrimination on the Basis of Age in Violation of the Missouri Human Rights Act, Mo. Rev. Stat. § 213.111, *et seq*.**

41.     Plaintiff Jennings incorporates the proceeding paragraphs above by reference and as if fully set herein.

42.     Pursuant the Missouri Human Rights Act, § 213.055, *et seq.,* it is an unlawful discriminatory act for "an employer, because of age... of any individual...[t]o fail or refuse to hire or to discharge any individual, or otherwise discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's...age."

43.     Plaintiff Jennings was 56 years old at the time of her termination of employment.

44.     Defendant UPS discharged Plaintiff Jennings while retaining younger and less-qualified employees.

45.     The VRP issued by Defendant UPS targeted employees over the age of fifty-five (55) and discriminated against Plaintiff Jennings on the basis of age when she refused to take the buyout.

46.     Defendant UPS discriminated against Plaintiff Jennings on the basis of her age, such that when Defendant UPS made employment decisions complained of above, Plaintiff Jennings' age was the motivating factor in such decisions.

47.     As a direct and proximate result of Defendant UPS's violations of the Missouri Human Rights Act, Mo. Rev. State. § 213.055, *et seq.*, Plaintiff Jennings has suffered a loss of salary, bonuses, experience, as well as emotional distress, mental anguish, embarrassment and humiliation, and other damages.

48.     The actions of Defendant UPS complained of herein above were taken intentionally and without justification or excuse, and were for improper purposes, and were outrageous because of Defendant UPS's evil motive and/or reckless indifference to the rights of Plaintiff Jennings. Therefore, Plaintiff Jennings is entitled to punitive damages from Defendant UPS to punish Defendant UPS, and to deter Defendant UPS and others from like conduct.

49.     Plaintiff Jennings has been forced to retain counsel to represent her and to bring this action.  Therefore, Plaintiff Jennings is entitled to recover attorney's fees and court costs pursuant to the Missouri Human Rights Act, Mo. Rev. Stat. § 213.111, *et seq.*

50.     At all times mentioned herein, the above-described perpetrators were agents, servants and employees of Defendant UPS and were at all such times acting within the scope and course of their agency and employment, and/or their actions were expressly authorized by

Defendant UPS, and/or their actions were ratified by Defendant UPS, thus making Defendant UPS liable for said actions under the doctrine of *respondeat superior*.

WHEREFORE, Plaintiff Amy Jennings respectfully requests the entry of Judgment in her favor against United Parcel Service, Inc. for a finding that she has been subjected to unlawful age discrimination as prohibited by the Missouri Human Rights Act, Mo. Rev. Stat. § 213.055, *et seq.*, for actual and punitive damages, back pay, front pay, compensation for loss of benefits, and other damages in excess of $25,000.00, interest on back pay, reasonable attorney's fees, court costs, and any and all available equitable remedies and any and all additional relief to which she may be entitled.

### COUNT II – Unlawful Discrimination on the Basis of Race in Violation of the Missouri Human Rights Act, Mo. Rev. Stat. § 213.111, *et. seq.*

51.    Plaintiff Jennings incorporates the proceeding paragraphs above by reference and as if fully set forth herein.

52.    Pursuant to the Missouri Human Rights Act, Mo. Rev. Stat. § 213.055, *et. seq.*, it is an unlawful discriminatory act for "an employer, because of race…of any individual…[t]o fail or refuse to hire or discharge any individual, or otherwise discriminate against any individual with response to compensation, terms, conditions, or privileges of employment, because of such individual's race."

53.    Defendant UPS's decision to discriminate and harass only non-minority employees who refused the VRP demonstrates that Plaintiff Jennings' race was a determining factor in her discrimination.

54.    Plaintiff Jennings' race, - Caucasian – was a motivating factor to her termination from employment.

55.     As a direct and proximate result of the Defendant UPS's violation of the Missouri Human Rights Act, Mo. Rev. Stat. § 213.055, *et. seq.*, Plaintiff Jennings has suffered a loss of salary, bonuses, benefits, experience, as well as emotional distress, mental anguish, embarrassment and humiliation, and other damages.

56.     The actions of Defendant UPS complained herein above were taken intentionally and without justification or excuse, and were for improper purposes, and were outrageous because of the Defendant UPS's evil motive and/or reckless indifference to the rights of Plaintiff Jennings. Therefore, Plaintiff Jennings is entitled to punitive damages from Defendant UPS to punish Defendant UPS, and to deter Defendant UPS and others from like conduct.

57.     Plaintiff Jennings has been forced to retain counsel to represent her and to bring this action.  Therefore, Plaintiff Jennings is entitled to recover attorney's fees and court costs pursuant to the Missouri Human Rights Act, Mo. Rev. State. § 213.111, *et. seq.*

58.     At all times mentioned herein, the above described perpetrators were agents, servants and employees of Defendant UPS and were at all such times acting withing the scope and course of their agency and employment, and/or their actions were expressly authorized by Defendant UPS, and/or their actions were ratified by Defendant UPS, thus making Defendant UPS liable for said actions under the doctrine of *respondeat superior*.

WHEREFORE, Plaintiff Amy Jennings respectfully requests the entry of Judgment in her favor against United Parcel Service, Inc. for a finding that she has been subjected to unlawful age discrimination as prohibited by the Missouri Human Rights Act, Mo. Rev. Stat. § 213.055, *et seq.*, for actual and punitive damages, back pay, front pay, compensation for loss of benefits, and other damages in excess of $25,000.00, interest on back pay, reasonable attorney's fees, court costs, and

any and all available equitable remedies and any and all additional relief to which she may be entitled.

### COUNT III – Unlawful Retaliation in Violation of the Missouri Human Rights Act, Mo. Rev. Stat. §213.070, *et. seq.*

59.     Plaintiff Jennings incorporates the proceeding paragraphs above by reference and as if fully set forth herein.

60.     Plaintiff Jennings engaged in a protected activity when she lawfully refused to accept the discriminatory VRP and complained of her subsequent discriminatory treatment to coworkers and management.

61.     Defendant UPS retaliated against Plaintiff Jennings on the basis of her refusal of take the discriminatory VRP and her subsequent complaints as to Defendant UPS's resulting discriminatory conduct, such that when Defendant UPS made the employment decisions complained of above, the desire to retaliate against Plaintiff Jennings was a motivating factor in Defendant UPS's decision.

62.     The actions of Defendant UPS described above constitute unlawful retaliation for Plaintiff Jennings' lawful refusal of the VRP in violation of the Missouri Human Rights Act., Mo. Rev. Stat. § 213.070, *et. seq.*

63.     As a direct and proximate result of the Defendant UPS's violation of the Missouri Human Rights Act, Mo. Rev. Stat. § 213.070, *et. seq.*, Plaintiff Jennings has suffered a loss of salary, bonuses, benefits, experience, as well as emotional distress, mental anguish, embarrassment and humiliation, and other damages.

64.     The actions of Defendant UPS complained herein above were taken intentionally and without justification or excuse, and were for improper purposes, and were outrageous because of the Defendant UPS's evil motive and/or reckless indifference to the rights of Plaintiff Jennings.

Therefore, Plaintiff Jennings is entitled to punitive damages from Defendant UPS to punish Defendant UPS, and to deter Defendant UPS and others from like conduct.

65.     Plaintiff Jennings has been forced to retain counsel to represent her and to bring this action.  Therefore, Plaintiff Jennings is entitled to recover attorney's fees and court costs pursuant to the Missouri Human Rights Act, Mo. Rev. State. § 213.111, *et. seq.*

66.     At all times mentioned herein, the above described perpetrators were agents, servants and employees of Defendant UPS and were at all such times acting withing the scope and course of their agency and employment, and/or their actions were expressly authorized by Defendant UPS, and/or their actions were ratified by Defendant UPS, thus making Defendant UPS liable for said actions under the doctrine of *respondeat superior.*

WHEREFORE, Plaintiff Amy Jennings respectfully requests the entry of Judgment in her favor against United Parcel Service, Inc. for a finding that she has been subjected to unlawful age discrimination as prohibited by the Missouri Human Rights Act, Mo. Rev. Stat. § 213.070, *et seq.,* for actual and punitive damages, back pay, front pay, compensation for loss of benefits, and other damages in excess of $25,000.00, interest on back pay, reasonable attorney's fees, court costs, and any and all available equitable remedies and any and all additional relief to which she may be entitled.

### COUNT IV – Unlawful Discrimination on the Basis of Sex in Violation of the Missouri Human Rights Act, Mo. Rev. Stat. § 213.111, *et. seq.*

67.     Plaintiff Jennings incorporates the proceeding paragraphs above by reference and as if fully set forth herein.

68.     Pursuant to the Missouri Human Rights Act, Mo. Rev. Stat. § 213.055, *et. seq.,* it is an unlawful discriminatory act for "an employer, because of sex…of any individual…[t]o fail or refuse to hire or discharge any individual, or otherwise discriminate against any individual with

response to compensation, terms, conditions, or privileges of employment, because of such individual's race."

69.     Plaintiff Jennings' sex was a motivating factor to her termination from employment.

70.     As a direct and proximate result of the Defendant UPS's violation of the Missouri Human Rights Act, Mo. Rev. Stat. § 213.055, *et. seq.*, Plaintiff Jennings has suffered a loss of salary, bonuses, benefits, experience, as well as emotional distress, mental anguish, embarrassment and humiliation, and other damages.

71.     The actions of Defendant UPS complained herein above were taken intentionally and without justification or excuse, and were for improper purposes, and were outrageous because of the Defendant UPS's evil motive and/or reckless indifference to the rights of Plaintiff Jennings. Therefore, Plaintiff Jennings is entitled to punitive damages from Defendant UPS to punish Defendant UPS, and to deter Defendant UPS and others from like conduct.

72.     Plaintiff Jennings has been forced to retain counsel to represent her and to bring this action. Therefore, Plaintiff Jennings is entitled to recover attorney's fees and court costs pursuant to the Missouri Human Rights Act, Mo. Rev. State. § 213.111, *et. seq.*

73.     At all times mentioned herein, the above described perpetrators were agents, servants and employees of Defendant UPS and were at all such times acting withing the scope and course of their agency and employment, and/or their actions were expressly authorized by Defendant UPS, and/or their actions were ratified by Defendant UPS, thus making Defendant UPS liable for said actions under the doctrine of *respondeat superior.*

WHEREFORE, Plaintiff Amy Jennings respectfully requests the entry of Judgment in her favor against United Parcel Service, Inc. for a finding that she has been subjected to unlawful age

discrimination as prohibited by the Missouri Human Rights Act, Mo. Rev. Stat. § 213.055, *et seq.*,

for actual and punitive damages, back pay, front pay, compensation for loss of benefits, and other

damages in excess of $25,000.00, interest on back pay, reasonable attorney's fees, court costs, and

any and all available equitable remedies and any and all additional relief to which she may be

entitled.

**Respectfully submitted,**

/s/ Ross A. Davis
Ross A. Davis, #62836
9322 Manchester Road
Saint Louis, Missouri 63119
PH: (314) 858-5777
FX: (314) 450-8269
EM: rdavis@rossdavislaw.com

And

Thomas J. SanFilippo, #63212
Thomas SanFilippo & Associates, LLC
One Metropolitan Square
211 N. Broadway, Suite 2100
St. Louis, Missouri 63102
PH: (314) 669-5752
FX: (314) 396-6655
EM: thomas@tsalawoffice.com

**ATTORNEYS FOR PLAINTIFF**